UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

SYLVESTER DZIENNIK, et al.,

                           Plaintiffs,     ORDER

         - against -               05-CV-4659 (DLI)(MDG)

SEALIFT, INC., et al.,

                           Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

     Plaintiffs, who are foreign nationals employed as seamen on certain vessels owned by defendants, bring this putative class action to recover, inter alia, full wages owed under employment contracts, collective bargaining agreements and/or various laws, including overtime wages and delay wages.  This order addresses plaintiffs' motion to compel defendants to produce unredacted employment contracts for all putative plaintiffs (ct. doc. 22), and defendants' cross-motion for an order limiting communications between plaintiffs and their counsel and members of the putative class (ct. doc. 24).

## DISCUSSION

### I.   Identifying Information of Putative Class Members

     Plaintiffs seek to compel production of unredacted employment contracts of putative plaintiffs, including their names and addresses.  The defendants produced the documents in response to plaintiffs' discovery request for the "employment contracts of all persons who fell within the putative class

description described by plaintiff." See ct. doc. 22, Exh. A. In their response, defendants produced two lists of seamen who fall within the putative class description without identifying information and sample employment contracts pertaining to each list, but with all identifying information redacted. See id., Exh. B. Plaintiffs argue that the redacted information is necessary to verify defendants' other discovery responses which are incomplete.

A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). In Oppenheimer, the Supreme Court held that the production of class members' names was not "within the scope of legitimate discovery." 437 U.S. at 354 (ordering production of names and addresses under Rule 23 for notice purposes where class was certified). Although the Court acknowledged that it did "not hold that class members' names and addresses never can be obtained under the discovery rules," those instances are limited to issues relevant to class certification such as numerosity or where contact with members of the class could yield information relevant to issues in the case. See id. at 351 n.13, 354 n.20.

Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification. See, e.g., Hatch v. Reliance

Ins. Co., 758 F.2d 409, 416 (9th Cir. 1985) (affirming denial of motion to produce names of similarly situated investors); In re Mortgagors of Temple-Inland Mortgage Corp., No. Civ. A. 99-CV-4633, 2001 WL 177181, at *2 (E.D. Pa. Jan. 24, 2001); Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 342 (N.D. Ill. 1995) (in redlining action against bank, plaintiffs were not entitled to loan files without redacted addresses where loan applicant's names were also redacted); Flanigan v. Am. Fin. Sys. of Ga., 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation"); Crabtree v. Hayden, Stone Inc., 43 F.R.D. 281, 283 (S.D.N.Y. 1967) ("the purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties may have similar claims"); but see Wiginton v. Ellis, No. 02 C 6832, 2003 WL 22232907, at *4 (N.D. Ill. Sept. 16, 2003) (ordering defendant to produce list of female employees in sexual harassment action).

All but one of the cases cited by plaintiff involve claims under the Fair Labor Standards Act ("FLSA") or the Age Discrimination in Employment Act ("ADEA") which have different procedures for potential class members to opt in to any collective action brought. See Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165 (1989) (ADEA); United States v. Cook, 759 F.2d 987 (2d Cir. 1986) (FLSA); Patton v. Thomson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (FLSA); Whitworth v. Chiles Offshore Corp., No. Civ. A 921505, 1992 WL 365153 (E.D. La. Nov. 25, 1992) (FLSA). Those cases are easily distinguishable because the

limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly.  See In re Mortgagors, 2001 WL 177181, at *2.

Plaintiffs claim the information is necessary to verify defendants' discovery responses since defendants have provided false information on several occasions regarding the number of putative plaintiffs.  For example, plaintiffs note that defendants' discovery response lists only one foreign seaman that was employed in 2006 while plaintiffs claim they have independently identified at least 24 foreign seafarers that have been employed on Sealift vessels in 2006.  See ct. doc. 22 at 5.  However, as defendants point out, plaintiffs' discovery request only covered the putative class period, from January 1, 1999 until September 28, 2005.  See ct. doc. 24 at 6; ct. doc. 22, Exh. A.  Therefore, defendants' response may not necessarily be incomplete or inaccurate as to seamen employed in 2006.

Plaintiffs further point to the deposition testimony of James Hannon, crewing manager of Sealift, in a related case, Felskowski v. Sealift, 04-CV-1244, that 8 to 10 Polish seafarers were hired in 2004 for the entire Sealift fleet while defendants' discovery response lists at least 35 Polish seafarers employed in 2004.  See ct. doc. 22 at 6, Exh. B.  Without the benefit of Mr. Hannon's deposition transcript, it is impossible for the Court to draw any conclusion about the consistency of Mr. Hannon's testimony with defendants' discovery responses.[1]

---

[1] Plaintiffs' other allegations regarding Sealift's attempts
(continued...)

On this record, plaintiffs have not demonstrated the relevance of the information they seek beyond their argument that the names are necessary to verify defendants' responses. Plaintiffs already have sufficient information to identify the number of putative class members for class certification purposes. Thus, plaintiffs' application is denied without prejudice to a future application should circumstances warrant.

II. <u>Restrictions on Communications Between Plaintiffs' Counsel and Members of the Putative Class and Sealift Employees</u>

Defendants seek an order restricting communications between plaintiffs and their counsel and any members of the putative class. In support, defendants submit two emails they argue demonstrate that plaintiffs have engaged in improper communications with members of the putative class. One email is from a Polish fitter advising that he had received phone calls from a representative of a company called "P and I Services Navigator" pressuring him to sign a power of attorney to participate in a case against defendant Sealift and asking for the addresses of others with whom he had worked. <u>See</u> ct. doc. 24 at 7-8. Another email submitted by defendant is from the captain of a Sealift vessel reporting that several members of his crew or their families were contacted by attorneys. <u>See</u> <u>id.</u> at 9-10. The wife of one crew member was advised by these attorneys not to contact a crewing agent used by defendants and that defendants would not hire anymore Filipinos. <u>See</u> <u>id.</u> at 3, 10. One of the

---

[1](...continued)
to deceive the United States Coast Guard are unsupported by any evidence submitted with their application.

emails indicates that some of the people contacted were confused as to whether those contacting them were Sealift's attorneys. See id. at 10.

Fed. R. Civ. P. 23(d) authorizes the court to regulate communications with putative class members even before certification. See Fed. R. Civ. P. 23(d); see also Keystone Tobacco Co., Inc. v. U.S. Tobacco Co., 238 F. Supp. 2d 151, 154 (D.D.C. 2002) ("[T]he Court rejects defendants' position that it has no authority to limit communications between litigants and putative class members prior to class certification"); Ralph Oldsmobile Inc. v. Gen. Motors Corp., No. 99 Civ. 4567, 2001 WL 1035132, at *2 (S.D.N.Y. Sept. 7, 2001). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil v. Bernard, 452 U.S. 89, 100 (1981). However, judicial intervention is justified only where there is "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Id. at 101-02. Such intervention "should result in a carefully drawn order that limits speech as little as possible consistent with the rights of the parties under the circumstances." Id.

"Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally." In re School Asbestos Litig., 842 F.2d 671, 683 (3d Cir. 1988). "[A] district court's

authority under Rule 23(d) is not limited to communications that actually mislead or otherwise threaten to create confusion, but extends to communications that interfere with the proper administration of a class action or those that abuse the rights of members of the class." In re Currency Conversion Fee Antitrust Litig., 361 F. Supp. 2d 237, 252 (S.D.N.Y. 2005).

Here, defendants have failed to establish that plaintiffs are engaged in any abusive or unethical communications with absent class members. As a preliminary matter, plaintiffs generally have a right to contact members of the putative class. See Williams v. Chartwell Financial Servs., Ltd., 204 F.3d 748, 759 (7th Cir. 2000). Plaintiffs' counsel maintains that the contact was made by investigators who have been instructed to identify for whom they work and that the information sought pertains solely to employment on board Sealift vessels. I find that the vague emails submitted by defendants are insufficient to support findings of need for a limitation that would outweigh the class members' rights. "[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." Gulf Oil, 452 U.S. at 104.

Defendants also seek an order regulating contact between plaintiffs and their counsel and any Sealift employees. See ct. doc. 24 at 5. Disciplinary Rule 7-104(A)(1) prohibits an attorney from communicating with a party that is represented by another attorney. With regard to employees of a corporate entity, an employee "should be considered a party within the

meaning of DR 7-104(A)(1), either because: (1) he/she had high-level managerial responsibility and was capable of binding the corporation; (2) his/her acts or omissions may be imputed to the corporation for purposes of civil or criminal liability; or (3) his/her statements may constitute an admission." Pauling v. Secretary of the Dep't of Interior, No. 95 Civ. 8408, 1997 WL 661393, at *1 (S.D.N.Y. Oct. 22, 1997) (quoting Miano v. AC & R Advertising, 148 F.R.D. 68, 76-77 (S.D.N.Y.), aff'd, 834 F. Supp. 632 (S.D.N.Y. 1993)).

Thus, there is no support for defendants' request that plaintiffs and their counsel be prohibited from communications with "any Sealift employee." Moreover, since plaintiffs themselves are not attorneys, professional ethical restrictions do not apply to them.[2] See Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs., No. 02 Civ. 9151, 2004 WL 421789, at *1 (S.D.N.Y. March 5, 2004).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is denied and defendants' motion for a protective order is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 23, 2006

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] On the other hand, "an attorney cannot circumvent Disciplinary Rules by requesting or engineering an action be taken by another that, if performed by the lawyer, would violate the Disciplinary Rules." Realuyo v. Diaz, No. 98 Civ. 7684, 2006 WL 695683, at *12 (S.D.N.Y. March 17, 2006).